## Case No. 8,284.

### Ex parte LETTY.

[1 Cranch, C. C. 328.] 1

Circuit Court, District of Columbia. July Term, 1806.

SLAVERY—PETITION FOR FREEDOM—HABEAS CORPUS—SECURITY.

A petitioner for freedom, in custody, will not be discharged upon the request of the master, unless upon security given by him to have the petitioner forthcoming, &c., to prosecute a claim for freedom.

Habeas corpus upon the petition of a man claiming to be the master of the negro Letty, committed to jail by a magistrate, upon a complaint made that she was entitled to her freedom under the law of Virginia, December 25, 1795 (Rev. Code 1803, p. 346).

Mr. Youngs, for her master, contended that the justice had not stated that the master failed or refused to give bond. That her title to freedom must be proved, by legal evidence, before she can be detained against the will of the master. The negro had been confined in jail in Washington, and, while in jail there, was sold by B. G. Orr to Henry Dawes, of Georgetown, by him brought to Alexandria, and sold to Dozier, of South Carolina. She had petitioned for her freedom in Washington county, where the petition was still pending.

Mr. Hiort, for prisoner, filed a petition praying that she may be protected from being removed out of the district, until her petition for freedom can be heard in Washington.

THE COURT, after consideration, refused to suffer the master to take the negro away, unless upon giving security not to take her out of the District of Columbia, &c., according to the Maryland practice, and remanded her.

---

## Case No. 8,285.

### LETTY et al. v. LOWE.

[2 Cranch, C. C. 634.] 1

Circuit Court, District of Columbia. Dec. Term, 1825.

SLAVERY—REPAYMENT OF PURCHASE MONEY—FREEDOM—DEED OF EMANCIPATION.

A female slave, purchased by the defendant at the request of the slave, to enable her to obtain her freedom by renayment of the purchase-money, is not entitled to judgment in her favor, until she has repaid the whole purchase-money; and if she had paid the whole purchase-money, quaere whether she would be entitled to judgment in her favor, either at law or in equity, without a deed of emancipation.

Petition for freedom. On the trial of this cause, Thomas Bingay, a witness for the petitioner, testified that he was present at the bargain between the defendant and Mary Greenfield, for the purchase of the petitioner, who was held by the said Mary Greenfield, as a slave for life, and was offered for sale by her mistress; that the price agreed upon to be paid by the defendant, was $250. That the witness then took the defendant aside, and inquired of him what was his purpose and object in making the said purchase; to which he replied that he was about to make the said purchase from motives only of Christian charity, and to serve the said woman, of whom he had a good opinion, and whom he thought it his duty to serve; that he had confidence in her that she would repay him what he should advance, and that she should then be free. The witness told him if that was his object in making the said purchase, he would, if he desired it, be security for Letty for $50; that she would pay up, in small sums, what he might advance; and that he would, moreover, put into his hands $40 then, to enable him to make the first payment for Letty. The defendant declined requiring the security, saying he had confidence in the woman, but agreed to receive the $40, which the witness thereupon paid him. The witness got the said $40 from a colored woman, to whom Letty told him to apply for it, saying that it had been contributed by some friends of hers, for the purpose of enabling her to buy herself of her said mistress. That he would not have given the said $40 to the defendant, but for his stating that he was making the purchase from the motives and for the purpose aforesaid. That after the said bargain, the defendant never claimed nor held the petitioner in his service; but that she lived at large, as a free woman, in the city of Washington, where the defendant also lived; and that after the said bargain, and while so living at large, the child mentioned in the petition, was born. That the defendant after receiving the $40, paid it to Mrs. Greenfield, but no information was given to her of the object of the defendant in making the said purchase. That this transaction took place some time in the year 1818, and at that time no bill of sale was executed, nor any receipt given for the money paid.

And the petitioner also produced and read in evidence the paper writings following, admitted to be signed by the defendant.

"Washington City. This is to certify that Letty Brown, the bearer of this, is my property; that I, in 1817 or 1818, purchased her from Miss Mary Greenfield, then her mistress. I further certify that I have received from her (Letty,) at sundry times, $206, and that there is now due, on the purchase-money, &c., to me, $64.94, on payment of which I hereby promise and bind myself that she (Letty) shall be free, her lifetime, from bondage to any person or persons. Given under my hand this 21st day of February, in the year 1823. John H. Lowe. Balance due and to be paid J. H. B., $64.94."

"Washington City, 8th October, 1823. Received from Letty, through the hands of Mr.

1 [Reported by Hon. William Cranch, Chief Judge.]